IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

            Plaintiff,

  v.

MAURICE WITHERS,

            Defendant.

OPINION & ORDER

16-cr-005-wmc

---

The court held the final hearing in this matter on April 20, 2017, which is set for trial on May 1, 2017. During the hearing the court reviewed outstanding issues related to voir dire, motions in limine and jury instructions. This order summarizes the rulings made during the hearing, as well as addresses a few additional, outstanding issues in advance of trial. On May 1, the court will conduct a final hearing at 8:30 a.m. to address any further issues the parties may have before proceeding to voir dire at 9:00 a.m.

**I.    Voir Dire**

Per its discussion with the parties, the court made revisions to the voir dire, which is attached. During the hearing the court took under advisement whether to exclude questions 21 and 25. After consideration, the court has decided that, on balance, the parties will be equally served by the inclusion of both. The final version of voir dire is attached.

**II.    Motions in Limine**

    **A.    Statements of Defendant**

The court heard from the defendant and GRANTED the government's motion to admit the defendant's own statements as non-hearsay under Fed. R. Evid. 801(d)(2)(A).

B.  **Impeachment Pursuant to Rule 609**

The court had denied the government's request as to conviction #1, and reserved ruling on the government's motion as to the remaining convictions. During the hearing, the court GRANTED the government's motion as to conviction #2. As to convictions ##3-5, the court held that the government may introduce evidence of those convictions with the limitation that it may introduce only the information it provided in the bullet point descriptions of those convictions on page 5 of its trial brief.

.  C.  **Rule 412**

The court maintained its ruling granting the government's request to exclude and denying defendants' request to admit Rule 412 evidence absent a further proffer by the defendant during trial.

D.  **Grand Jury Testimony and Prior Consistent Statements**

The court continues to RESERVE on these issues, and will rule on them as necessary during trial.

E.  **Defendant's Omnibus Motion in Limine**

The court addressed the investigator notes issue. Defendant agreed that the government did not need to produce any notes regarding statements by Withers. As to statements by other witnesses, the court accepted the government's offer to provide the notes and reports for an *in camera* review. The court has conducted its review and concluded that the government need not produce those notes because they were not inconsistent with the reports produced. Moreover, any extraneous notes did not contain potentially exculpatory information. Accordingly, defendant's motion with respect to notes of other witness statements is DENIED.

### III. Jury Instructions

As to jury instructions, the court noted that defendant reaffirmed his request to include a proof of age instruction as to 18 U.S.C. § 2423(a). Consistent with applicable case law and pattern jury instructions, the court denied his request. Next, the court addressed the instruction related to the unanimity requirement under 18 U.S.C. § 1591. The government stated that it disagreed with the court's interpretation of the law and instruction, so the court requested further briefing and proposed instructions from the parties. The government expressly declined to submit further briefing or a proposed instruction (dkt. #122), while the defendant also filed nothing further. Under further consideration, and consistent with the court's comments during the final hearing, the court has attempted revisions to the proposed instructions in an effort to further clarify. The attached jury instructions are consistent with the court's conclusions as to both the § 2423(a) and unanimity issues.

### ORDER

IT IS ORDERED that defendant's Omnibus Pretrial Motion (dkt. #94) is DENIED in its entirety, and the government's motions laid out in its Trial Brief are DENIED in part, GRANTED in part and RESERVED in part as described above and in the court's final hearing order.

Dated this 27th day of April, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge